FILED

02 MAY 31 PM 3:08

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WALTER L. FOX, et al.,         }
                               }
    Plaintiffs,             }
                               }    CIVIL ACTION NO.
v.                             }    00-AR-3454-S
                               }
COMMUNITY BANK, aka Community  }
Bancshares,                    }
                               }
    Defendant.              }



ENTERED

MAY 31 2002

## MEMORANDUM OPINION

    The court deduces from the verdict of May 21, 2002, that the jury found plaintiffs to have been 90 percent "at fault" and defendant to have been 10 percent "at fault." This is the only explanation this court has for the jury verdict, inasmuch as the jury was asked to compare competing degrees of responsibility for plaintiffs' losses occasioned by defendant's having honored forged checks drawn on plaintiffs' bank account. Before trial the first two of five forged checks had been eliminated from the jury's consideration by the ruling on defendant's motion for summary judgment. The only issue, other than defendant's Rule 50(b) motions, not yet ruled upon, is what to do about the $106,096.39 recovered by plaintiffs from the forger before suit was filed. Is this $106,096.39 to be used to offset the $18,177.50 jury verdict or any portion thereof?

    The court's tentative conclusion expressed on May 24, 2002,

that the $106,096.39 is available to defendant as an offset, has been addressed thoroughly and well both by plaintiffs and by defendant in their simultaneous submissions of May 30, 2002. The question is not open-and-shut. Each side has a position that has colorable merit. Yet, the court concludes that its tentative conclusion was correct.

The court agrees with the jury that, while a bank is ordinarily liable to its depositor if it honors a forged check, and must restore the account thus depleted, this obligation is not absolute, and the bank can, with or without a carefully worded specific account agreement, fairly expect its depositor to look out for the bank as well as for himself when he discovers a forgery. Here, defendant's Rule 50(b) motions at trial were based on this principle, but defendant would carry the idea of the depositor's obligation to its ultimate extent, wiping out plaintiffs' entire claim here without having to consider the possibility of an offset. This court was and still is unwilling to go as far as defendant wants it to go. But the court does agree with defendant that plaintiffs' failure in this case to provide timely warning to defendant after plaintiffs' discovery of the forgery, even though there is no proof of what actual change there would have been in defendant's course of action if it had known of the forgery earlier, the $106,096.39 that plaintiffs recovered from the forger, if available to defendant as an offset against any liability

whatsoever defendant may have had to plaintiffs as a result of honoring the checks, should be equally available to offset the $18,177.50 in jury-reduced liability. The question of offset involves an application of the principles of equity. This is the reason the issue of offset, by agreement of the parties, did not go to the jury and was reserved for the court. In this court's view, the principles of equity, under the totality of circumstance, go to ameliorate the classic rule that first recovered funds go to the first bad check. The mere fact that defendant freed itself from liability on the first two checks (exceeding $18,177.50 in amount) on partial summary judgment, for the reasons set forth in this court's memorandum opinion of February 1, 2002, does not lead inexorably to the conclusion that the only monies recovered by plaintiffs from the forger that are available as an offset are monies recovered from the forger in excess of the total amount of the first two checks. Therefore, this court will order an offset in favor of defendant in the sum of the entire $18,177.50, and will by separate order enter judgment for defendant.

DONE this 31st day of May, 2002.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE